UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**STEFANI HORENSTEIN**,

                        Plaintiff,

v

**CHARTER TOWNSHIP OF CANTON**, a municipal corporation, **CHIEF CHAD BAUGH**, acting in his official and individual capacities, **DEPUTY CHIEF CRAIG WILSHER**, acting in his official and individual capacities, **SERGEANT JEFF ZAJAC**, and **DISPATCHER BRANDI COLON,** acting in their respective individual capacities, all jointly and severally,

                       Defendants.

Case No.:
Hon.

_____/

BURTON-HARRIS LAW, PLC
Robert Burton-Harris (P81843)
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

# Complaint

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

Plaintiff states:

## Common Allegations

1. This action arises under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

2. Subject matter jurisdiction is conferred by 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

3. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as most or all events giving rise to the claims herein occurred in the Eastern District of Michigan.

4. Plaintiff is an individual and resident of West Bloomfield, MI.

5. Defendant Charter Township of Canton is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan. It is, and has been at all times relevant hereto, authorized by law to maintain and operate the Canton Police Department ("CPD"). By and through its agents, including but not limited to the Mayor, the Chief of Police, its supervisors, operating officers, Boards, Commissions, and Committees and its final policymakers, Defendant Township, at all times relevant hereto, acting through its official policy makers, established, promulgated and implemented the policies, customs and practices, written and unwritten, of the CPD, with regard to investigating suspected crimes,

requesting judicially approved search warrants, requesting private or protected information pursuant to 18 U.S.C. § 2702(c)(4), training, supervision, and discipline of the employees of said department.

6. Defendant Chief Jeff Baugh is and was, at all relevant times, the Police Chief for the Canton Police Department, an official policymaker for CPD, and, on information and belief, was personally involved in the decisions that caused the harm giving rise to this litigation. He is sued in his individual and official capacities.

7. Defendant Deputy Chief Craig Willsher is and was, at all relevant times, the Deputy Police Chief for the Canton Police Department, an official policymaker for CPD, and, on information and belief, was personally involved in the decisions that caused the harm giving rise to this litigation. He is sued in his individual and official capacities.

8. Defendant Sergeant Jeff Zajac is a police sergeant with the CPD. Upon information and belief, he is a resident of Wayne County, Michigan, and at all relevant times was employed by the Township of Canton, specifically CPD, as a police officer, and acting pursuant to his authority on its behalf. He is sued in his individual capacity.

9. Defendant Dispatcher Brandi Colon is a police officer with the CPD. Upon information and belief, she is a resident of Wayne County, Michigan, and at

all relevant times was employed by the Township of Canton, specifically CPD, as a Dispatcher, and acting pursuant to her authority on its behalf. She is sued in her individual capacity.

10. When the events alleged in this complaint occurred, Defendants were acting either within the scope of their employment or official capacities and under color of law.

11. At all material times, Defendant Charter Township of Canton employed CPD officers and is liable for their acts. Defendant Charter Township of Canton is also liable because of its policies, practices, and customs, which led to this complaint of violation.

## Statement of Facts

12. On October 14, 2019, officers from the Canton Police Department (CPD) responded to a hospital in Ypsilanti, Michigan on a report of an older man with a hand laceration.

13. Approximately two hours later, Defendant Sergeant Jeff Zajac ("Sgt. Zajac") met with the injured individual, Carmelo Giummi. Mr. Giummi told Sgt. Zajac that for the past few months he had been living with a woman named "Stefani," with whom he also had a romantic relationship.

14. Mr. Giummi told Sgt. Zajac that Stefani was going to use his car to drive to Detroit against his wishes.

15. Mr. Giummi explained that he unsuccessfully attempted to stop Stefani by reaching into the car window and grabbing her hair while she backed down the driveway. As a result, Mr. Giummi sustained a laceration to his left hand and bruising on his arm.

16. Mr. Giummi gave Sgt. Zajac Stefani's phone number.

17. Equipped with this information, Sgt. Zajac contacted CPD's dispatch center and caused Defendant Dispatcher Brandi Colon ("Brandi Colon") to contact Sprint for an emergency ping of Stefani's phone number.

18. Sgt. Zajac nor any CPD officers, at any time, requested a warrant for Stefani's cell phone location information.

19. Sgt. Zajac and Brandi Colon knowingly and purposefully misrepresented information to Sprint to obtain Stefani's cell phone data and circumvent the emergency services exception to the warrant requirement. *See* 18 U.S.C. § 2702(c)(4).

20. After receiving the misrepresentations from Sgt. Zajac and Brandi Colon, Sprint provided CPD with the requested real-time cell phone location data for Plaintiff Stefani Horenstein ("Ms. Horenstein").

21. Using the received cell phone data, Sgt. Zajac led 6 or 7 CPD officers to Detroit ostensibly to arrest Ms. Horrenstein but only found Mr. Giummi's car.

22. Ms. Horrenstein and Mr. Giummi resumed their relationship, but unbeknownst to either of them, an arrest warrant was issued for Ms. Horrenstein.

23. Almost a year later, Ms. Horrenstein was arrested during a routine traffic stop and charged with several serious felonies including Car Jacking (*see,* MCL 750. 529(a)), a life-offense.

24. Due to the nature of the allegations, Ms. Horrenstein was denied an affordable bond and held at the Wayne County Jail for several weeks.

25. On three different occasions – in response to a subpoeana, in response to the trial court's discovery order, and under oath – CPD denied and failed to disclose that they utilized an emergency exception procedure to obtain Ms. Horrenstein's cell phone location data. For example, Sgt. Zajac testified that no documentation existed concerning the request any information requests to Sprint. However, Ms. Horrenstein obtained several documents directly from Sprint contradicting Sgt. Zajac's sworn testimony.

26. At a subsequent evidentiary hearing on Ms. Horrenstein's motion to suppress the fruits of the warrantless search of her cell phone data, Sgt.

6

Zajac swore that "everyone in [CPD]" knew how to obtain cell phone location data without a warrant despite the lack of any emergency and that this practice was commonplace amongst CPD officers.

27. On March 23, 2022, the trial court issued a written opinion holding that CPD illegally searched Ms. Horrenstein's phone and that the exclusionary rule applied due, in large part, to Sgt. Zajac's deception in obtaining the information from Sprint which was "tantamount to a police officer proving known false information for a search warrant".

28. On July 26, 2022, Ms. Horrenstein pled guilty to a single misdemeanor count of Domestic Violence – Aggravated (*see* MCL 750.81(a)(2)) and sentenced to a term of probation. All other felonies were dismissed by the prosecutor.

## Count I

**Fourth Amendment to the U.S. Constitution: Unreasonable Searches and Invasion of Privacy**

**42 U.S.C. 1983**

14. Plaintiff incorporates all proceeding paragraphs by reference.

15. At all relevant times, Defendants have acted—and continue to act— under color of state law.

16. Defendants violated Plaintiff's right to be free from unreasonable searches imposed under color of state law, a right secured by the Fourth and Fourteenth Amendments to the United States Constitution.

17. As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among others:

    a. Psychological and emotional injury, past and future; and

    b. Degradation, humiliation, mental anguish, suffering and embarrassment.

## Count II

## Fourteenth Amendment to the U.S. Constitution: Abuse of Process

## 42 U.S.C. 1983

18. Plaintiff incorporates all proceeding paragraphs by reference.

19. At all relevant times, Defendants have acted—and continue to act— under color of state law.

20. Defendants violated Plaintiff's right to Due Process, a right secured by the Fourteenth Amendments to the United States Constitution.

21. As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among others:

a. Psychological and emotional injury, past and future; and

b. Degradation, humiliation, mental anguish, suffering and embarrassment.

## Count III

### *Monell* Liablity

### 42 U.S.C. 1983

### (Defendant Township)

22. Plaintiff incorporates all proceeding paragraphs by reference.

23. At all relevant times, Defendant Township, through its Police Department, supervisors, and/or policymakers, established and/or maintained the following customs, usages, policies, and/or practices:

  a. Failure to supervise and/or discipline law enforcement officers, including but not limited to the individually named Defendant officers herein, with regard to the fabrication and/or falsification of information during the course of an investigation and the false documentation of that evidence while at all times knowing that this lack of supervision and discipline would likely promote the use of illegally obtained information and while Defendant officers, and

  other CPD officers, knew that regardless of their false statements, there would be no reprisal by way of discipline, termination, criticism, or otherwise, thereby guaranteeing the continuation of such unconstitutional actions by CPD police officers;

  b. Condoning, approving, ratifying, and acquiescing in known unconstitutional conduct, and known patterns of unconstitutional conduct, undertaken by its officers and supervisors, thereby adopting said conduct as policy of the CPD and the Defendant Township.

24. Each of the aforementioned policies, customs, and/or practices, i.e., the failures to train, supervise, and/or discipline the individually named Defendants, was known to Defendant Township, as being highly likely and probable to cause violations of the constitutional rights of members of the public, including but not limited to Plaintiff herein.

25. The conduct of the individually named Defendants herein was committed pursuant to the customs, policies, and/or practices of Defendant Township.

26. Each such custom, policy, and/or practice referenced above was a moving force in the violations of Plaintiff's constitutional rights, as set forth herein.

27. As a direct and proximate result of the foregoing actions, Plaintiff has suffered the following injuries, among others:

  a. Psychological and emotional injury, past and future; and

    b. Degradation, humiliation, mental anguish, suffering and embarrassment.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request this Court to:

A. Enter a declaratory judgment that Defendants' conduct detailed herein was a violation of the rights under the Constitution and laws of the United States and of Plaintiff;

B. Award general and compensatory damages for Plaintiff for the violations of her federal constitutional and statutory rights, pain and suffering, all to be determined according to proof;

C. Award punitive damages as available, pursuant to both 42 U.S.C. §1983 and 42 U.S.C. §1981;

D. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

E. Award costs of suit;

F. Award pre- and post-judgment interest as permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

BY: /s/ *Robert Burton-Harris*

        Robert Burton-Harris (P81843)
        BURTON-HARRIS LAW, PLC
        *Attorney for Plaintiff*
        24100 Southfield Rd., Suite 200
        Southfield, MI 48075
        Office: (734) 808-4101
        Cell: (734) 548-5148
        Fax: (734) 999-0452
        Robert@BurtonHarrisLaw.com

Dated: October 13, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**STEFANI HORENSTEIN**,

                      Plaintiff,

v                                              Case No.:
                                              Hon.

**CHARTER TOWNSHIP OF CANTON**, a municipal corporation, **CHIEF CHAD BAUGH**, acting in his official and individual capacities, **DEPUTY CHIEF CRAIG WILSHER**, acting in his official and individual capacities, **SERGEANT JEFF ZAJAC**, and **DISPATCHER BRANDI COLON,** acting in their respective individual capacities, all jointly and severally,

                      Defendants.
_____/
BURTON-HARRIS LAW, PLC
Robert Burton-Harris (P81843)
*Attorney for Plaintiff*
24100 Southfield Rd., Suite 200
Southfield, MI 48075
Office: (734) 808-4101
Cell: (734) 548-5148
Fax: (734) 999-0452
Robert@BurtonHarrisLaw.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38 and 39, and to the Eastern District LR 38.1, Plaintiff

demand a trial by jury on each and every one of her claims at law which seek

13

compensatory and/or punitive damages.

                Respectfully Submitted,

                BY: /s/ *Robert Burton-Harris*
                Robert Burton-Harris (P81843)
                BURTON-HARRIS LAW, PLC
                *Attorney for Plaintiff*
                24100 Southfield Rd., Suite 200
                Southfield, MI 48075
                Office: (734) 808-4101
                Cell: (734) 548-5148
                Fax: (734) 999-0452
                Robert@BurtonHarrisLaw.com

                Dated: October 13, 2022